UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSEY NECHITAYLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE WEDUM FAMILY LIMITED PARTNERSHIP, a California partnership,<br><br>　　　　Defendant. | No.  2:13-cv-01001-JAM-CKD<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Aleksey Nechitaylo ("Plaintiff") brought this action against Defendant The Wedum Family Limited Partnership ("Defendant") under the Americans with Disabilities Act ("ADA"), the California Disabled Persons Act ("CDPA"), and the Unruh Act[1] for barriers located in Defendant's grocery store.  At a bench trial on August 17, 2015, Plaintiff first presented expert testimony about the existence of barriers in the store and their relation to Plaintiff's disability.  After a morning of testimony, the parties reached a stipulation (Doc. #88) that

---

[1] Plaintiff abandoned his claim under California Health and Safety Code section 19953 before trial.  Amended Pretrial Conference Order (Doc. #57) at 8.

1

there are barriers and that injunctive relief should issue, as detailed in the order below.  Because the stipulation resolved the ADA claim and the prayer for injunctive relief, the evidence turned to the sole remaining issue: damages under California law. Plaintiff himself was the only witness.  Pursuant to Federal Rule of Civil Procedure 52, the Court's findings of fact and conclusions of law follow herein.

## II.   FINDINGS OF FACT

1.   Defendant is a California partnership

2.   Defendant's property, Bitu Liquor and Deli ("Bitu" or "the store"), is located at 4901 Auburn Boulevard in Sacramento, California.

3.   The building was constructed in or before 1981.

4.   Bitu is a place of public accommodation to which the general public is invited.

5.   Bitu was constructed with private funds.

6.   Bitu is half a mile from Plaintiff's home at 4530 Freeway Circle.

7.   Plaintiff has resided at this address for more than five years.

8.   Plaintiff is disabled in that he is unable to use one of his legs.

9.   For mobility, Plaintiff typically uses crutches or a wheelchair, and sometimes uses prosthesis.  He can drive, and has a disability parking permit for his car.

10.   During the relevant time period, there were multiple stores in the area of Plaintiff's home that sold similar products

to those sold at Bitu.

11. Bitu sold Russian and Ukrainian products, such as certain kinds of alcohol, that were not available at the other stores.

12. Plaintiff experienced barriers to accessibility at these other stores.

13. Plaintiff began shopping at Bitu in approximately 2005 or 2006. His purchases include cigarettes, alcohol, energy drinks, napkins, and chips.

14. Plaintiff visited the store in 2012.

15. Plaintiff visited the store on many occasions in 2013.

16. Plaintiff visited the store on many occasions in 2014.

17. "Many occasions" is estimated to be twice a month.

18. Plaintiff filed this lawsuit on May 21, 2013.

19. Plaintiff visited Bitu and entered the store at least three times between January and May 2013.

20. On another occasion before May 2013, Plaintiff drove to the store with his son, but was deterred from entering the store because of the barriers.

21. In approximately May 2015, Plaintiff drove to the store intending to make a purchase, but he was deterred because of the barriers.

22. Plaintiff has encountered barriers related to his disability at Bitu every time he has visited the store.

23. On at least one occasion, Plaintiff complained to someone working at the store about the barriers, but "nobody did anything."

24. Plaintiff felt insulted when he encountered the

barriers, and felt humiliated when he was deterred from entering the store.

### III.   OPINION

#### A.   Legal Standard

A plaintiff who proves an incident of discrimination in violation of CDPA and/or Unruh is entitled to statutory minimum damages of $4,000.  Cal. Civ. Code § 52(a).  A plaintiff may not double collect by alleging violations of more than one statute, but he is entitled to this statutory minimum for every proven instance of unlawful discrimination.  Rodriguez v. Barrita, Inc., 10 F. Supp. 3d 1062, 1090 n.29 (N.D. Cal. 2014) (collecting cases).  Such discrimination occurs every time the plaintiff encountered physical barriers, as well as every time the barriers "deterred him or her on a particular occasion from attempting to enter a place of public accommodation."  Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000); see Cal. Civ. Code § 55.56(b).

However, if a plaintiff visits the same facility multiple times, his damages may be limited by California Civil Code section 55.56(h).  This section directs the decision maker to "consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages."  The statute itself offers no further guidance on this standard, but courts describe "the key inquiry regarding mitigation of damages [to be] whether a plaintiff has a 'reasonable explanation for the repeated conduct.'"  Yates v. Sweet Potato Enters., Inc., 2014 WL 7272961, at *2 (N.D. Cal. Dec. 22, 2014) (appeal filed Jan. 26,

4

2015) (citing Cal. Stats. 2012, ch. 383, sec. 25).

Plaintiff here argues that he must only prove mitigation for incidents of deterrence, not for actual visits. Plaintiff's Post-Trial Brief at 2-3. The Court does not reach this issue in light of its findings, explained below, that Plaintiff's visits and other relevant behavior were reasonable.

B.  Analysis

1.  Mitigation

Defendant appears to argue that the sheer number of Plaintiff's visits over the years ("almost three hundred (300)" before filing the complaint) make Plaintiff's behavior unreasonable. See Defendant's Post-Trial Brief at 1, 4-5. But the evidence at trial establishes that Plaintiff had a reasonable explanation for his frequent visits and attempts to visit the store. Specifically, Plaintiff lived half a mile from Bitu. Bitu and other stores nearby had products Plaintiff frequently bought, including cigarettes, energy drinks, and alcohol. It was reasonable for Plaintiff to frequent Defendant's store, especially where these other stores also posed accessibility barriers, and Defendant's store carried at least some products not available at the other stores. See Yates v. Bacco, 2014 WL 1089101, at *16 (N.D. Cal. Mar. 17, 2014) (awarding plaintiff full statutory damages where "[n]othing in the record suggests that Plaintiff engaged in inappropriate behavior to 'stack' his damages").

This case is different from those cited by Defendant, in which a plaintiff repeatedly visited an establishment far from home without providing a reasonable explanation for why she

5

needed to return.  See, e.g., Yates v. Auto City 76, 2014 WL 5585263, at *4 (N.D. Cal. Nov. 5, 2014) adhered to on reconsideration, 2014 WL 6735397 (N.D. Cal. Nov. 25, 2014) (holding that sixteen visits to gas station for allegedly cheap gas were not reasonable where gas station was far from plaintiff's home such that he had to drive a long distance and cross the bridge into San Francisco).  It is also different because Plaintiff here stopped going to the store once he filed suit, rather than increasing the number of his visits in order to increase his potential damage recovery.  See Ramirez v. Sam's for Play Cafe, 2013 WL 4428858, at *9 (N.D. Cal. Aug. 15, 2013) (finding multiple visits to restaurant not reasonable where plaintiff significantly increased frequency of visits around time of filing complaint).  Leading up the suit, Plaintiff in fact slowed his visits – from approximately twice a month to once a month.  And when he returned to the store several months after filing suit, it was reasonable for him to think that Defendant may have remedied the barriers, or at least begun renovations.

Because Plaintiff has provided a reasonable explanation for his multiple visits, the Court awards full statutory damages for each proven visit and instance of deterrence.

### 2. Number of Incidents

The Court concludes that Plaintiff proved the following five incidents of discrimination:

  i.  Three visits between January and May 2013.[2]

---

[2] The Court notes that Defendant essentially conceded – through the parties' statement of undisputed facts (Doc. #49) and Defendant's post-trial briefing – that Plaintiff visited the store many more times than the three occasions listed above.

      ii.  One occasion before May 2013 when Plaintiff drove to the store with his son, but was deterred from entering the store because of the barriers.

      iii. One occasion in approximately May 2015, when Plaintiff drove to the store but was deterred because of the barriers.

Defendant argues that the Court should not find Plaintiff's evidence of the visits credible. Defendant's Post-Trial Brief at 1-2. The Court disagrees; even if Plaintiff did not produce a paper receipt for each visit, his testimony established that he visited at least three times during the specified period, and was deterred on the two occasions listed above. Plaintiff's testimony was not always a model of clarity. But rather than impugning Plaintiff's credibility on cross examination, Defendant's questioning helped to elucidate more clearly the number and timing of Plaintiff's visits to the store. Contrary to Defendant's representations in its briefing, the Court found the testimony credible and not "evasive." Id. at 2.

The Court moreover did not find that Plaintiff's testimony evidenced an "effort to manufacture an Americans with Disabilities Act case for purposes of extracting money from Defendant under the guise of a claim of a civil rights violation." Id. If anything, Plaintiff himself appeared largely unprepared to testify and seemed to have little or no sense of what was required to prove a violation of the discrimination laws. The Court finds Defendant's argument to be without merit.

---

However, Plaintiff only seeks statutory damages for three visits, see Plaintiff's Post-Trial Brief at 7, so the Court will limit his damages for actual visits at three.

7

IV.   CONCLUSIONS OF LAW

For the reasons set forth above, the Court concludes as follows:

1. Defendant's store contains and has contained accessibility barriers related to Plaintiff's disability within the meaning of the ADA and California law. Accordingly, Plaintiff is entitled, under his first cause of action, to injunctive relief as set forth below.

2. Plaintiff has a reasonable explanation for his repeated visits pursuant to California Civil Code section 55.56(h), so he is entitled, under his second and third causes of action, to statutory minimum damages of $4,000 for each of three actual visits and two incidents of deterrence, which were proven at trial.

V.   ORDER

Given the above conclusions of law:

1. Defendant is ordered to pay Plaintiff $20,000 in statutory damages.

2. Defendant is ordered to complete the following alterations on the store within 180 days of the date of this order:

   a. Provide an accessible route from the public transportation site to the building entrance;

   b. Provide an accessible route of travel from the accessible parking space access aisle to the building entrance;

   c. Remove the abrupt vertical changes along the accessible route from the disabled parking space access aisle to

the building entrance;

    d. Paint the access aisle perimeter boundary line in blue;

    e. Paint the words "No Parking" in white within the disabled parking space access aisle;

    f. Provide directional signage to the building entrance;

    g. Replace floor tile near exit door and refrigeration units so that the accessible route is a stable and firm surface; and

    h. Install signs offering assistance at refrigeration units.

Plaintiff is to prepare and file a written form of judgment consistent with the Court's order herein, pursuant to Federal Rule of Civil Procedure 58, within ten (10) days from the date of this Order.

IT IS SO ORDERED.

Dated: September 9, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE