UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSEY NECHITAYLO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE WEDUM FAMILY LIMITED PARTNERSHIP, a California partnership,<br><br>        Defendant. | No. 2:13-CV-01001-JAM-JFM<br><br>**ORDER AWARDING FEES AND COSTS** |

Plaintiff Aleksey Nechitaylo ("Plaintiff") sued Defendant The Wedum Family Limited Partnership ("Defendant") for architectural barriers at its grocery store in violation of the Americans with Disabilities Act ("ADA") and California law. The parties proceeded to a bench trial and the Court entered judgment for Plaintiff in the amount of $20,000. Plaintiff now moves for fees and costs.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 18, 2015.

1

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is disabled and uses a wheelchair for mobility.[2] He visited Defendant's store frequently between at least 2011 and 2013, as it was half a mile from Plaintiff's home and it sold items that he bought frequently.  Other stores in the area sold similar products, but those stores also posed accessibility problems.

Plaintiff sued Defendant in May 2013.  The parties were unable to settle or stipulate as to the barriers.  As late as August 2015, there were apparently no alterations done on the property, and Defendant continued to contest the presence of barriers.  In the intervening two years, the parties also litigated Plaintiff's ability to file an amended complaint (Doc. #19), which the Court allowed (Doc. #22), and Defendant moved for summary judgment (Doc. #36), which the Court denied (Doc. #46). Both motions were fully briefed and went to hearing.

At trial, Plaintiff's expert witness, Bassam Altwal, testified as to the barriers.  The parties ultimately stipulated to the presence of barriers and corresponding injunctive relief during a break in trial.  The trial proceeded as to damages under California law, and the Court awarded Plaintiff $20,000.

Plaintiff now moves for attorneys' fees and costs (Doc. #97) and Defendant opposes the motion (Doc. #98).

II.   OPINION

The loadstar method is appropriate for calculating fees in this case.  See Hall v. City of Fairfield, 2014 WL 1286001, at *3

---

[2] The Court has set forth its factual findings more fully in its findings of fact and conclusions of law (Doc. #91).

2

(E.D. Cal. Mar. 31, 2014) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975)).

A.  Reasonable Hourly Rates

Plaintiff has requested that the hourly rates in this case be set at $300 per hour for Ms. Karbelashvili, $225 per hour for Mr. Karbelashvili, and $125 per hour for Ms. Melnik.  Mot. at 6-7.  Defendant disputes all three rates, and urges the Court to set them at $175, $150, and $75, respectively.  Opp. at 5-6.

"A court awarding attorney fees must look to the prevailing market rates in the relevant community."  Bell v. Clackamas Cty., 341 F.3d 858, 860 (9th Cir. 2003).  The Court finds that the prevailing rate for an ADA barriers case in Sacramento for an attorney with experience commensurate to that of Ms. Karbelashvili is $260.  See Hall, 2014 WL 1286001, at *7; Knox v. Chaing, 2013 WL 2434606, at *10 (E.D. Cal. June 5, 2013).

However, based on the Court's observations throughout this litigation, Ms. Karbelashvili demonstrated skill far below the level expected of an attorney with over ten years of experience. At trial for instance, Ms. Karbelashvili, the lead attorney on this case, did not draw out enough evidence from her client on direct examination to support his damages claims.  Much of the relevant information only came out on cross examination through questioning by defense counsel.  To make matters worse, near the end of Mr. Nechitaylo's testimony, Ms. Karbelashvili attempted to strike his testimony – the only evidence offered as to damages – in its entirety.  As an attorney with multiple years of experience in disability rights cases, Ms. Karbelsahvili should know what evidence she is required to elicit to support her case

3

and she should be able to in fact elicit it during trial. The results obtained for Mr. Nechitaylo here were indeed successful. But that success was in spite of, and not because of, Ms. Karbelashvili's conduct at trial. For these reasons, the Court reduces Ms. Karbelashvili's rate to $150 per hour.

As to Mr. Karbelashvili, he was only admitted to practice law two months before appearing for trial in this case. Irakli Karbelashvili Decl. ¶ 2. The Court finds that the prevailing rate for him is $175 per hour, rather than the $225 per hour rate requested herein. See Hall, 2014 WL 1286001, at *8.

Finally, although there has been some dispute in this district as to paralegal rates, the Court applies a rate of $125 for Ms. Melnik, based on her eight years of experience. See Melnik Decl. ¶ 3; Diego v. Golden Valley Health Centers, 2015 WL 4112276, at *3 (E.D. Cal. July 8, 2015) (awarding rate of $100 per hour); Hall, 2014 WL 1286001, at *8 (collecting cases setting rates between $75 and $150).

### B. Reasonable Hours Expended

Defendant requests that the Court reduce a significant portion of the hours Plaintiff's attorneys' billed. Defendant makes 94 separate objections. See Opp. Exhs. A-C. In the face of voluminous timekeeping records and objections, the Court "is not required to set forth an hour-by-hour analysis of the fee request." Californians for Disability Rights v. Cal. Dep't of Transp., 2010 WL 8746910, at *15 (N.D. Cal. Dec. 13, 2010)) (quoting In re Smith, 586 F.3d 1169, 1174 (9th Cir. 2009) report and recommendation adopted 2011 WL 8180376 (N.D. Cal. Feb. 2, 2011). "[R]ather than meticulously discuss[ing] each time

4

entry," the Court may assess the reasonableness of the hours expended and then "make an across-the-board percentage cut in the number of hours claimed."  Id.

The Court has examined Plaintiff's requested hours as well as Defendant's objections and Plaintiff's replies to those objections.  The Court agrees with some of Defendant's arguments and disagrees with others.

Many of these arguments assert that a task was "clerical" and therefore should not be billed.  Defendant is correct that clerical tasks should not be billed because they are "covered or subsumed by an attorney's hourly rate[.]"  Californians for Disability Rights, 2010 WL 8746910, at *16.  The Court agrees with Defendant that some of the tasks billed were clerical - for instance, "Prepare complaint and related documents for service and dispatch for service of process with OneLegal."  See Irene Karbelashvili Decl. Exh. B at 2; Opp. Exh. A at Obj. 15.  The Court however disagrees with Defendant that other tasks were clerical, such as tasks involving legal research.  See, e.g., Irene Karbelashvili Decl. Exh. B at 2; Opp. Exh. A at Obj. 16.

Defendant also challenges the several hours billed for the motion to amend the complaint.  See Opp. Exh. A. Objs. 26-30.  Plaintiff in turn blames Defendant for these fees, because Defendant failed to stipulate to the amended complaint.  Mot. at 2.  But at least some of the blame is attributable to Plaintiff's attorneys as well, because, as discussed at the motion hearing, they could easily have amended the complaint earlier as of right or at any time before the pretrial scheduling order became final.  The hours billed for this motion are therefore not entirely

5

reasonable.

In accordance with the above conclusions, the Court finds it reasonable to reduce Plaintiff's attorneys' overall hours by 25 percent.[3]

### C. Expenses: Expert Fees

Defendant challenges the hourly rate and the tasks billed by Plaintiff's expert, Mr. Altwal. Opp. at 6-7. As to Mr. Altwal's hourly rate, Defendant does not dispute the rate Plaintiff proposes of $240 per hour for tasks prior to trial. Opp. at 6. Defendant also apparently does not dispute the rate of $120 per hour for travel time. But Defendant argues that the rate of $350 per hour during trial was unreasonable. Opp. at 7. The Court disagrees and finds that this modest increase in rate for trial testimony is reasonable. See D'Lil v. Riverboat Delta King, Inc., 2015 WL 5092714, at *17 (E.D. Cal. Aug. 28, 2015) (holding that more than quadrupling hourly rate for trial testimony was unreasonable).

Defendant also disputes the reasonableness of the number of hours Mr. Altwal billed. Mot. at 7. The Court agrees in part with these disputes. For example, the Court agrees that it would be unreasonable to require Defendant to pay for extensive travel time. See Hernandez v. Grullense, 2014 WL 1724356, at *15 (N.D.

---

[3] At the conclusion of its objections to Ms. Karbelashvili's fees, Defendant "requests adjustment in accordance with the fee ratio reduction approved in the Thompson v. Gomez case." Opp. Exh. A at 25. Thompson held that fees related to preparing a fee application should be reduced by the same percentage as the district court reduced fees for merits-related tasks. 45 F.3d 1365, 1368 (9th Cir. 1995). The Court need not reach this issue, because the same result has been accomplished by reducing all fees herein by 25 percent.

Cal. Apr. 30, 2014) ("The defendants should not be responsible for Hernandez's choice to employ an access consultant requiring extensive travel time that would be compensated at his regular expert fee rate."). Mr. Altwal billed seventeen hours of driving time at $120 per hour. See Altwal Decl. Exhs. B, C. The Court finds this travel time excessive and reduces the hours billed for driving by fifty percent.

The Court also agrees with Defendant that certain hours are too vague for the Court to determine reasonableness, and the Court therefore does not award the hours recorded for these entries. Specifically, "Communication with lawyer" and "Verbal communication with lawyer" are too vague. See Altwal Decl. Exh. B; Santiago v. Equable Ascent Fin., 2013 WL 3498079, at *5 (N.D. Cal. July 12, 2013) ("Courts in the Northern District of California have been unable to determine whether billing entries were reasonable because the entries description only consisted of 'conferences,' 'telephone calls,' or 'review of documents' without describing the subject of the call or correspondence."). The Court therefore reduces the expert fees by the 1.5 hours billed under these two entries. See Altwal Decl. Exh. B.

Finally, the Court agrees that Plaintiff's counsel has failed to provide an adequate explanation for why sending Mr. Altwal to a second site visit was reasonable, especially when no changes had apparently been made to the barriers since the first inspection. Finding no basis for the reasonableness of this second visit, the Court reduces the expert fess by the $960 spent on that visit. See id.

The Court disagrees as to the other reductions Defendant

7

requests, and finds Mr. Altwal's remaining fees reasonable.

D. Other Costs and Expenses

Defendant does not dispute Plaintiff's other costs and expenses (Doc. #96). Opp. at 8. The Court has reviewed those costs and expenses and finds them reasonable.

E. Conclusion

Based on the foregoing analysis, the Court awards fees and costs as follows:

| Type of Fees or Costs | Amount Requested | Amount of Reduction | Amount Awarded |
|---|---|---|---|
| Fees for Ms. Karbelashvili | $47,130 | Rate reduced to $150; hours reduced by 25% | $17,673.75 |
| Fees for Mr. Karbelashvili | $4,590 | Rate reduced to $175; hours reduced by 25% | $2,677.50 |
| Fees for Ms. Melnik | $3,425 | Hours reduced by 25% | $2,568.75 |
| Expert fees | $8,420 | Driving hours reduced by 50%; hours for second site visit and 1.5 hours for vague entries excluded | $6,080.00 |
| Other costs | $1,945.93 | None | $1,945.93 |
|  |  |  | **Total:** $30,945.93 |

III.  ORDER

For the reasons set forth above, the Court awards Plaintiff reasonable attorneys' fees and costs in the following amounts:

Attorneys' Fees:        $22,920.00

Expert Fees and Costs:  $ 8,025.93

Total:                  $30,945.93

IT IS SO ORDERED.

Dated: December 10, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8